CLAUDIO VALLÉS RICCI, Plaintiff and Appellant, *v.* NICOMEDES RIVERA, Defendant and Appellee.

No. 4689. Argued November 7, 1929.—Decided November 14, 1929.

*A. Porrata Doria,* for appellant. *Pedro E. Anglade,* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Claudio Vallés alleged that Nicomedes Rivera was in possession as tenant at sufferance of one-half acre of land belonging to him and brought an action of unlawful detainer to obtain by judicial decree the eviction of the defendant from the premises.

The defendant answered and admitted that she was occupying the property, but as owner thereof and not as tenant at sufferance.

The case went to trial. Plaintiff introduced in evidence a private instrument dated November 15, 1921, wherein said Nicomedes Rivera appeared as selling to plaintiff the land in question. He testified at the trial—in explanation of the circumstances surrounding the contract—that he had left defendant in possession because originally he had purchased the land for the purpose of building thereon but afterwards found that he had no necessity therefor, and that the defendant then refused to vacate the premises.

Guillermo Rivera and Eusebio Marrero also testified for the plaintiff. Rivera was one of the subscribing witness to the private instrument of sale. Marrero stated that Nicomedes owed money in the store managed by Guillermo Rivera and that in order to settle her account she agreed to sell and did sell her property to Vallés.

The evidence for the defendant consisted of her own testimony and that of Juan Vallés and José Malavé.

Defendant's testimony is long and difficult to summarize, but in the last analysis it may be said that it sets forth the contention that she never sold her property and that if she had consented that a cross be placed as her signature on a document that Vallés brought to her home, it was because he told her that it was a promissory note in which it was stated that she owed to Vallés the amount which Vallés agreed to secure or to pay for her in the store, which amount represented the value of groceries taken on credit at the store

by the man with whom she lived at the time and which was afterwards paid to Vallés.

The witnesses, Juan Vallés and José Malavé, refer to admissions by plaintiff which, if true, would show that a loan and not a sale was involved.

In its opinion and statement of the case the trial court made reference to the pleadings and the evidence and stated that the evidence introduced by defendant tended to "prove that plaintiff's title is fraudulent, nonexistent and void," and, considering that a conflict of titles was involved, it refused to resolve such conflict within the summary action of unlawful detainer and dismissed the complaint. Thereupon plaintiff took the present appeal.

It appears from an examination of the record that both parties introduced ample evidence. A fuller evidence could hardly be heard within an ordinary action. The only thing lacking for a determination of the case was for the court, in the light of reason, the law and its experience, to have examined the evidence and settled the issues. But it can not be denied that a serious and fundamental conflict exists. Either the truth was fraudulently distorted and defendant was made to appear as selling her property, two other persons aiding as accomplices in the fraud perpetrated by the plaintiff, or the defendant and her two witnesses have committed perjury. The testimony of the parties can not be reconciled. There are three persons on either side who swore to tell the truth and who, violating their oaths, have lied. The purity of legal procedure requires, and the constant jurisprudence of this court maintains, that such a title controversy as this must not be decided in a summary action of unlawful detainer. And the present is such an action, whatever the extent of the evidence heard.

The judgment appealed from must be affirmed.

Messrs. Justices Hutchison and Texidor took no part in the decision of this case.